## No. 9712.

### WALDO v. STEVENSON, ET AL.

Decided November 8, 1920.

Action on promissory note.  Judgment for defendants.

*Affirmed.*

1. BILLS AND NOTES—*Promissory Note.* A corporation by resolution of the directors authorized the issuance of 300,000 shares of its capital stock to plaintiff Waldo for which he was to and did pay $7500; the company agreeing to undertake to sell enough of the stock to repay the $7500 with interest. Waldo had full knowledge of the resolution and subsequently became a director of the company. Defendants, who were also directors, executed a promissory note merely to guarantee to Waldo that the proceeds of the sale of stock as provided in the resolution, would be paid to him until he had received the $7500 advanced. Ultimately Waldo declined to carry out the agreement contemplated by the resolution and instituted suit on the note. Defendants had no notice that he had withdrawn from the original agreement. *Held*, that defendants were not liable in the action as brought.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. GEORGE F. DUNKLEE, Mr. EDWARD V. DUNKLEE, for plaintiff in error.

Mr. WILLIAM H. GABBERT, Mr. T. L. POLLOCK, for defendants in error.

*En banc.*

MR. JUSTICE TELLER delivered the opinion of the court.

PLAINTIFF in error was plaintiff in a suit against defendants in error and one Whitescarver upon a note signed by them all. On the trial evidence was introduced tending to show that The Ajax Wyoming Oil Company, of which the three defendants were directors, had, by resolution of its directors, authorized the issuing of 300,000 shares of the capital stock of said company to Waldo, for which he was to pay $7500, the company agreeing to undertake to sell enough of the stock to net said Waldo the purchase price of $7500, with interest at 6% per annum. The evidence showed that on the day of the adoption of this resolution Mr. Waldo was elected a director of said company, and that, on the following day, he sat with the other directors and heard read the minutes of the meeting of the previous day, including the said resolution. It appears, also, that he read the resolution on that day.

The defendants executed a promissory note for $7500, which is the note in suit, which they contend was merely to guarantee to Waldo that the proceeds of the sale of stock, as provided for in the resolution, would be paid to him until he had received his advance of $7500, and interest. Waldo's check for $7500 was made payable to and was collected by the Oil Company. Waldo testified that, on the advice of his attorney, he declined to execute a contract which had been drawn to carry out the agreement contemplated by the resolution above mentioned. There is no evidence, however, that he ever informed either Stevenson or Greenlee that he had withdrawn from the original agreement. Nor is there any evidence that they knew of such change in plan. On the other hand, there was in evidence an exhibit, of the same date as the note, signed by Waldo, which authorized the Oil Company to sell a part of the 300,000 shares of stock, and to apply the proceeds in

payment of the note; all as provided for in the resolution. The trial court directed a verdict for Stevenson and Greenlee.

We are of the opinion that the evidence is conclusive that Stevenson and Greenlee signed the note in question, as the court found, under the assumption that it was made in pursuance of the resolution named, and for the purpose above stated. That being so, the court was right in holding that they were not liable in the action as brought.

The judgment must, therefore, be affirmed, and it is so ordered.

Mr. Justice Scott and Mr. Justice Bailey not participating.